## 19045. CLAYTON v. SPILLER.

DECIDED JULY 31, 1928.

*Hamilton Burch,* for plaintiff in error.
*Little & Dickerson,* contra.

BLOODWORTH, J. J. H. Spiller, doing business as Spiller Motor Company, brought suit against W. C. Clayton for breach of contract. The record shows that the plaintiff contracted to sell to the defendant a new automobile, and to take in part payment therefor a used car; that the contract of sale was in writing; that each party delivered to the other the car as per the contract; and that the defendant was to execute twelve notes for the balance of the purchase-price of the new car, but, after keeping and using the new car for five days, and on the last day driving it 176 miles, the defendant "soiled said car and muddied same," and thus reduced its market value $175, and then refused to sign the notes for the balance of the purchase-price thereof, returned the new car to the plaintiff,

and demanded the return of his car. Plaintiff claimed damages for the injury of the new car, $175, and alleged loss of his commissions, $386, and prayed for a judgment for $561. Defendant filed general and special demurrers, both of which were overruled, and exceptions pendente lite were filed. Under a plea denying liability the case proceeded to trial, and the jury returned a verdict against the defendant for $150. A motion for a new trial was overruled. Defendant filed a bill of exceptions assigning error on the exceptions pendente lite and on the overruling of the motion for a new trial; but the motion for a new trial is not included in the record, not specified as material, and not argued by counsel, and counsel for the plaintiff in error relies solely on the assignment of error on the exceptions pendente lite.

■ The first headnote needs no elaboration.

■ Paragraphs 5 and 9 of the petition are as follows: "5. Defendant kept the said car for a period of five days and drove said car during said five days, and on the last day of said five-day period drove said car a distance of one hundred and seventy-six miles as shown by the speedometer on same, and soiled said car and muddied same." "9. Defendant [plaintiff] further alleges that the market value of said Willys-Knight car by reason of the use of same by defendant for said five-day period decreased in the sum of . . $175, and that by reason of said decrease in the market value of said car plaintiff has been damaged in said additional sum of . . $175, for which the plaintiff also sues." Paragraph 1 of the demurrer alleges "that paragraphs 2, 3, 4, 6, 7, 8, and 10 of said petition seek to set forth a cause of action arising ex contractu, while paragraphs 5 and 9 of said petition attempt to set forth a cause of action arising ex delicto; these actions can not be joined." Paragraphs 5 and 9 of the petition do not set out a cause of action arising ex delicto, and the court did not err in overruling ground 1 of the demurrer. Paragraphs 2 and 3 of the demurrer are as follows: "2. Defendant demurs to paragraph 4 of said petition, for the reason that the automobile alleged to have been delivered to this defendant is not described with sufficient certainty to enable defendant to plead. A more definite description of said automobile should be given, such as make, model number, motor-number, and type of automobile." "3. Defendant demurs to paragraph 9 of said petition, for the reason that the items of damage are not set forth with

440

sufficient particularity to put defendant upon notice of what they are. It should be stated what amount of damage was caused by having been driven 176 miles, and also what amount by reason of having soiled and muddied said car." There is no merit in either of these grounds of the demurrer.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*